IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**JASON A. MOORE,**

    **Petitioner,**

v.                                                        Civil Action No. 1:07cv166
                                                               (Judge Keeley)

**JOE DRIVER, Warden,**

    **Respondent.**

## ORDER GRANTING IFP BUT DIRECTING
## PETITIONER TO PAY THE $5.00 FILING FEE

On December 4, 2007, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241. This case is before the undersigned on the petitioner's Motion to Proceed In Forma Pauperis ("IFP") and Prisoner Trust Account Report.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of IFP status pursuant to 28 U.S.C. § 1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request. In this case, the petitioner acknowledges in his affidavit that he is employed by the institution in which he is incarcerated and that he receives approximately $51 a month in compensation. However, the petitioner asserts that he has no assets or other sources of income, and that he does not receive money from outside sources.

The ledger sheets to the petitioner's inmate account confirm that he is employed by the institution where he is incarcerated and that he receives regular compensation for his work.

Moreover, the ledger sheets show that the petitioner regularly receives funds from outside resources. In fact, the petitioner's ledger sheets show that during the six months preceding the filing of this action, the petitioner's inmate account received average monthly deposits of $111.98.

Accordingly, although the Court finds that the petitioner is a pauper and **GRANTS** his IFP motion (dckt. 6), because the petitioner earns and receives sufficient funds to pay the $5.00 filing fee, he will be required to pay that fee within **twenty (20) days** from the date of this Order. The failure to do so could result in the dismissal of this case without further notice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner.

DATED: January 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE