# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON A. MOORE,

      Petitioner,

v.                          CIVIL ACTION NO. 1:07cv166
                               (Judge Keeley)

JOE DRIVER, Warden,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 4, 2007, pro se petitioner Jason A. Moore ("Moore"), an inmate at USP-Hazelton, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that he is unlawfully being denied transfer to a Residential Release Center ("RRC"). On December 27, 2007, Moore filed an amendment to his petition, adding claims that the Bureau of Prisons ("BOP") had incorrectly calculated his security classification and refused him entry into the Residential Drug Abuse Treatment Program ("RDAP"), thereby violating his equal protection and due process rights and the ex post facto clause.

Pursuant to LR PL P 83.09, the Court referred Moore's petition to United States Magistrate Judge John S. Kaull, who, on January 29, 2008, issued a Report and Recommendation ("R&R") recommending that the petition be denied. On February 15, 2008, Moore filed timely objections to the R&R.

After conducting a de novo review, the Court finds that Moore's objections are without merit. For the reasons that follow,

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

the Court **ADOPTS** Magistrate Judge Kaull's R&R, **DISMISSES WITHOUT PREJUDICE** Moore's claims regarding his RRC placement and his custody classification, and **DISMISSES WITH PREJUDICE** all other claims asserted in Moore's 28 U.S.C. § 2241 petition.

## I. BACKGROUND

Moore was sentenced by the United States District Court for the Middle District of Florida to 120 months of imprisonment on May 15, 2002, for conspiracy to distribute ecstacy and MDMA. Moore's projected release date from the BOP is June 14, 2010.

Moore's original § 2241 petition alleges that the BOP's regulation which restricts the time an inmate can serve in an RRC to the last ten percent of that inmate's prison sentence, not to exceed six months, is unlawful. Therefore, he requests immediate release to an RRC and a $1,000 release gratuity.

In his amended petition, Moore adds two grounds for relief. First, he alleges that the BOP violated his right to equal protection of the law by incorrectly calculating his security classification. In support of this claim, he asserts that his unit team did not properly investigate a misdemeanor charge in his criminal history. Second, he alleges that the BOP violated the <u>ex post facto</u> clause by denying him entry into RDAP. In support of this claim, he asserts that the BOP's denial of his request to

2

participate in RDAP has prevented him from receiving an early release, impacting his federal sentence. He also asserts that the BOP's decision violates his protected liberty interests.

## II. MAGISTRATE JUDGE KAULL'S R&R

In his R&R, Judge Kaull found that Moore's RRC placement claim was not ripe for adjudication because he is not yet near the end of his sentence. Judge Kaull noted that, although Congress has mandated RRC placement for federal prisoners, that placement is not required until the last six months of incarceration. To fulfill this requirement, the BOP makes RRC placement decisions eleven to thirteen months prior to an inmate's projected release date; Moore's claim, therefore, will not ripen until his Unit Team assesses his eligibility for RRC placement.

Judge Kaull also determined that Moore's custody classification claim should be raised in a civil rights complaint, not a § 2241 petition, because he is attacking the conditions of his confinement and not the fact or length of his confinement. Because a habeas corpus petition under § 2241 is not the proper avenue to seek the requested relief, Judge Kaull found that this claim should be dismissed.

Finally, Judge Kaull determined that Moore's claim relating to his eligibility to participate in RDAP and receive a one-year

3

reduction in his sentence cannot be reviewed by the courts. <u>See</u> 18 U.S.C. § 3625. Although § 3625 does not prevent the court from considering related constitutional claims, Judge Kaull found that Moore's constitutional claims were without merit. First, because Moore has failed to demonstrate that the BOP's decision to deny him early release through RDAP has increased his punishment for his crimes, his <u>ex</u> <u>post</u> <u>facto</u> claim was without merit. Second, because Moore has no constitutional right to release before the completion of a valid sentence, and because there is no protected liberty interest in discretionary early release for completion of RDAP, his due process claim was without merit. Third, because Moore failed to demonstrate that any similarly situated inmates had been treated differently than he, or that the alleged unequal treatment was the result of intentional discrimination, his equal protection claim was also without merit.

### III. MOORE'S OBJECTIONS TO THE R&R

Moore objects to Magistrate Judge Kaull's finding that his RRC placement claim is not ripe for review, arguing that it is ripe, because he has asked the Court to require the BOP to reconsider his request for transfer to an RRC or a Community Correctional Center.

Moore also objects to Magistrate Judge Kaull's findings as to his custody classification, arguing that a § 2241 petition is often

4

used to challenge the BOP's interpretation of its own policies, when they are contrary to statutory or established legal authority. He further argues that the BOP has usurped the Court's authority to decide the severity of a prior offense, and has increased his security classification as a result.

Finally, Moore argues that his _ex post facto_ rights, due process rights, and equal protection rights have been violated, because BOP officials have informed him that he will not be eligible for the RDAP program at all, due to his gun use. He states that he would like to be in the program, even if he is not eligible for a year off his sentence.

## IV. DE NOVO REVIEW

After _de novo_ consideration of the Magistrate Judge's Report and Recommendation, as well as Moore's objections, the Court adopts the R&R in its entirety.

### A.

Initially, the Court notes that a new law, the Second Chance Act of 2007, 18 U.S.C. § 3621 (2008), _et seq._, which became effective on April 9, 2008, after the R&R had issued and Moore had submitted his objections, changes the way the BOP places inmates in RRCs and community correctional facilities. The new law eliminates the 10% calculation, and instead requires that:

> The Director of the Bureau of Prisons shall, to the
> extent practicable, ensure that a prisoner serving a term
> of imprisonment spends a portion of the final months of
> that term (not to exceed 12 months), under conditions
> that will afford that prisoner a reasonable opportunity
> to adjust to and prepare for the reentry of that prisoner
> into the community.   Such conditions may include a
> community correctional facility.

Id. at § 3624(c).

On April 14, 2008, Joyce K. Conley, Assistant Director
Correctional Programs Division of the Federal Bureau of Prisons,
and Kathleen M. Kenney, Assistant Director/General Counsel for the
Federal Bureau of Prisons, distributed a memorandum entitled "Pre-
Release Residential Re-Entry Center Placements Following the Second
Chance Act of 2007." See Attachment A.  That memorandum clarifies
that inmates must be reviewed for pre-release RRC placements 17 to
19 months before their projected release date.   Attachment A,
§ III(B).

As indicated above, Moore's current projected release date as
calculated by the BOP is June 14, 2010.  Because this release date
is more than 17 to 19 months in the future, Moore's motion is still
not ripe, for the same reasons set forth by Magistrate Judge Kaull.
The Court therefore **ADOPTS** the Magistrate Judge's findings on this
claim, and **DISMISSES** the claim **WITHOUT PREJUDICE**.

6

B.

The Court also agrees with the Magistrate Judge's finding that Moore cannot bring his claim regarding his custody classification in the context of a § 2241 petition, because § 2241 petitions generally cannot be used to challenge conditions of confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973); see also Davis v. O'Brien, 2007 WL 4592199, *1 (W.D.Va. December 26, 2007) ("The court adds that plaintiff has been advised . . . that a challenge to his security classification does not present a habeas claim."). Accordingly, the Court **ADOPTS** the R&R in this respect as well, and **DISMISSES WITHOUT PREJUDICE** Moore's challenge to his custody classification, recognizing that he may reassert that claim in a federal civil rights action.

C.

Finally, Moore objects to Magistrate Judge Kaull's finding that the district court does not have authority to review the BOP's determination of his eligibility for the RDAP program, and reasserts that his ex post facto, due process, and equal protection rights have been violated by the BOP's decision. In the R&R, Magistrate Judge Kaull explained that, under the Violent Crime Control and Law Enforcement Act of 1994, as codified at 18 U.S.C. § 3621 (2006), the BOP had sole discretion over determinations of

7

eligibility for the RDAP program, and, pursuant to 18 U.S.C. § 3625
(2006), this Court had no authority to review individual RDAP
determinations under the Administrative Procedure Act.

As discussed earlier, the Second Chance Act of 2007, which
became effective on April 9, 2008, modified portions of the Violent
Crime Control and Law Enforcement Act of 1994. The relevant
provisions at issue here, however, were not changed. Thus, for the
reasons explained by Magistrate Judge Kaull, the Court has no
authority to review the BOP's determination that Moore is not
eligible for the RDAP program.

Moreover, Magistrate Judge Kaull correctly found that denying
entry into the RDAP program is not a constitutional violation in
this case. Moore states in his objections that he wants to
participate in the program even if he cannot receive a year off his
sentence, but that he has been told that he is ineligible due to
his "gun use." These new facts, however, do not change the
constitutional analysis. There is clearly no violation of the <u>ex</u>
<u>post</u> <u>facto</u> clause, given that Moore's punishment is not being
retroactively increased. Furthermore, Moore has failed to
demonstrate that he has any constitutionally recognized liberty or
property interest in participating in the RDAP program, which could
establish a violation of the due process clause. Finally, although

ORDER ADOPTING REPORT AND RECOMMENDATION

Moore argues that the BOP's decision is based on his prior gun use,
he has failed to allege that other similarly situated inmates were
treated differently than he, or that such treatment was motivated
by intentional or purposeful discrimination.

For these reasons, the Court also **ADOPTS** the Magistrate
Judge's recommendation as to this claim as well, and **DISMISSES** the
claim **WITH PREJUDICE**.

## V. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R's
recommendations in their entirety (dkt. no. 11), **DENIES** Moore's
§ 2241 petition, **DISMISSES WITHOUT PREJUDICE** Moore's claims
regarding RRC placement and custody classification, **DISMISSES WITH
PREJUDICE** his claim regarding entry into the RDAP program, and
**DISMISSES** the case from the Court's docket.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order
to the <u>pro se</u> petitioner, by certified mail, return receipt
requested.

DATED: October 21, 2008.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
